UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALMA RODRIGUEZ, )<br>Administrator of the Estate of )<br>Oscar David Ventura Gonzalez, )<br>       Plaintiff )<br>)<br>V. )<br>)<br>CITY OF EVERETT, )<br>EVERETT POLICE DEPARTMENT, and )<br>OFFICER ALEX VIEIRA, )<br>       Defendants ) | CIVIL ACTION NO.<br>1:22-CV-11869-LTS |

OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT

The defendants have moved to dismiss the amended complaint in this action based on a claim that the delay in amending the complaint was undue, unjustified, and caused prejudice to the defendants.

The plaintiff has provided the Court with the basis for its delays and failure to timely respond, and while there have been several, it is not the intentional conduct that should serve as a basis for a dismissal of this claim.

Dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme. *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003) citing *Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc.*, 848 F.2d 315, 317 (1st Cir. 1988). The delays and conduct complained of in this motion, do not rise to that level.

There have been circumstances in which a plaintiff had been "repeatedly warned that no further delay would be countenanced," so dismissal was deemed appropriate. See *Colokathis v. Wentworth-Douglass Hosp.*, 693 F.2d 7, 9 (1st Cir. 1982), and it has been stated that disobedience of court orders can constitute extreme misconduct which would allow for dismissal. *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002)  In present case, however, dismissal is not required, and would not be warranted.

The defendants have raised an issue of prejudice due to the potential for mandatory interest they may be subjected to in the future.  Delays in litigation, however, are natural in most circumstances and it is difficult, if not impossible, to assess the true nature of this prejudice at this point in time.  Without any "unnecessary delay," this matter may have experienced the normal delays and the net result for the defendants would be the same.

This is not a case in which a potential defense has been truly prejudice.  The defendants have all been aware of the circumstances surrounding this incident since 2019, when the Suffolk Country District Attorney's Office undertook an investigation into the matter.[1] This is more similar to a case in which the plaintiff cause a delay in a District Court case, while pursuing the matter in a separate proceeding, the plaintiff had kept the opposing party aware of the separate proceedings, and accordingly dismissal was unnecessary. *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987)

---

[1] *Suffolk DA Kevin Hayden rules police were legally justified in using deadly force in Roxbury and Revere fatal shootings in 2019,* John R. Ellement and Tonya Alanez Boston Globe, May 23, 2022 ©

The plaintiff's claim is one that should have its ultimate disposition determined by a review of the actual facts surrounding this shooting, and that can likely be achieved promptly in the interest of all parties.

Wherefore the defendants' Motion to Dismiss the Amended Complaint should be denied and the stay on discovery lifted.

/s/ Desmond P. FitzGerald
Desmond P. FitzGerald
FitzGerald Law Company
185 Devonshire Street, Suite 601
Boston, Massachusetts 02110
Telephone 617-523-6320
Facsimile  617-523-6324
Email: dfitzgerald@fitzgeraldlawcompany.com
BBO No. 634881

<u>CERTIFICATES OF SERVICE</u>

I hereby certify that I electronically transmitted the attached document to the Court using the ECF System for filing. Based on the electronic records currently on file, a copy of the motion will be transmitted to the Attorney on record for the Defendants.

On 6-23-2025, I hereby certify that I served a copy of this Opposition to the Defendants' Motion to Dismiss the Amended Complaint, on the Administrator of the Estate, Alma Rodriquez.

<u>/s/Desmond P. FitzGerald</u>
Desmond P. FitzGerald
FitzGerald Law Company
185 Devonshire Street, Suite 601
Boston, Massachusetts 02110
Telephone 617-523-6320
Facsimile  617-523-6324
Email: dfitzgerald@fitzgeraldlawcompany.com
BBO No. 634881